United States District Court
Southern District of Texas
**ENTERED**
June 29, 2018
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREA PATAI, Individually and on | § | |
| behalf of all others similarly situated, | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:17-CV-3104 |
| | § | |
| v. | § | |
| | § | |
| PATON ENGINEERS AND | § | |
| CONSTRUCTORS (CA) LLC, *et al.,* | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Currently pending before the Court in this Fair Labor Standards Act ("FLSA") overtime dispute is Plaintiffs Andrea Patai, Wade Gaudet, and Trey Martin's Motion for Partial Summary Judgment (the "Motion") [Doc. # 19]. In the Motion, Plaintiffs assert they are entitled to summary judgment that they are not "exempt" employees under the FLSA and that Defendant Paton Engineers and Constructors (U.S.), Inc. ("Paton")[1] lacked a good faith basis for the manner in

---

[1] Paton Engineers and Constructors (CA) LLC ("Patton (CA)") also is a named as a Defendant in this matter. However, the Motion only seeks summary judgment against Defendant Paton and there does not appear to be any dispute that Plaintiffs only were employed by Defendant Paton. Therefore, this Memorandum and Order will refer solely to Defendant Paton and not address any claims against Defendant Patton (CA).

which it classified and compensated Plaintiffs.[2]  Defendant Paton filed a timely

response, to which Plaintiffs timely replied.[3]  Paton also filed a sur-reply, to which

Plaintiffs did not object.[4]  The Motion is now ripe for decision.  Having considered

the parties' briefing, the applicable legal authorities, and all pertinent matters of

record, the Court concludes that Plaintiffs' Motion should be **denied**.

## I.    <u>BACKGROUND</u>

Unless otherwise indicated, the following facts are not in genuine dispute for

purposes of Plaintiff's Motion.

Plaintiffs Patai, Gaudet, and Martin each worked for Defendant Paton at

some point during the period January 2016 to November 2017 as piping designers.

Patai held the position of "Piping Designer 4 (Lead)" and Gaudet and Martin each

held the position of "Piping Designer 4."  Paton classified employees working in

---

[2]    In their Motion, Plaintiffs alternatively moved for judgment on the pleadings
under Rule 12(c) of the Federal Rules of Civil Procedure.  In response, both Paton
and Paton (CA) filed amended answers.  *See* Defendant Paton's First Amended
Answer to Plaintiff's Original Complaint [Doc. # 24]; Defendant Paton (CA)'s
First Amended Answer to Plaintiff's Original Complaint [Doc. # 25].
Accordingly, the Motion is **denied as moot** to the extent it seeks judgment on the
pleadings pursuant to Rule 12(c). *See also* Plaintiffs' Reply in Support of Their
Motion [Doc. # 28], p. 1-2 n.1 ("That said, the motion for judgment on the
pleadings appears to be moot in light of Paton's amended answer.").

[3]    Defendants' Response to the Motion (the "Response") [Doc. # 22]; Plaintiffs'
Reply in Support of Their Motion (the "Reply") [Doc. # 28].

[4]    Defendants' Sur-Reply Opposing the Motion [Doc. # 29].

both of these positions as "exempt" from the FLSA's overtime requirements. While employed by Paton, each Plaintiff's compensation was stated as an hourly rate, and not as an annual salary.[5]  Plaintiffs were paid their respective standard hourly rate for every hour worked, irrespective of how many hours they worked in a given week.  Said differently, Plaintiffs never were paid one-and-a-half times their hourly rate for any time worked in excess of forty hours in a week.  Although Plaintiffs compensation was stated in terms of an hourly rate, Paton contends that during their employment "onboarding process," each Plaintiff was told that they would be guaranteed to receive at least forty hours of pay a week, even if they did not work for forty hours.

In 2015, and before any of Plaintiffs were employed by Paton, Paton was the subject of an investigation by the U.S. Department of Labor's Wage and Hour Division (the "DOL").  The DOL concluded in its investigation that Paton had violated the FLSA by failing to pay its "non-exempt designers" an overtime rate for time worked in excess of forty hours per week.  The DOL investigator also noted in her final report that "[e]xemptions were not tested or reviewed due to this being a limited investigation to include only designers," and that "the investigation

---

[5]     Patai's, Gaudet's, and Martin's compensation levels were $65.50 per hour, $62.00 per hour, and $73.00 per hour, respectively.

revealed all designers were paid hourly."[6]   According to Paton, however, before issuing her final report, the DOL investigator held a final conference with certain Paton executives at which, among other things, she implied that the "Piping Designer 4 (Lead)" position was exempt from the FLSA's overtime requirements and stated that the "Piping Designer 4" position would similarly be exempt if Paton guaranteed that those designers would be paid at least forty hours every week.

Plaintiffs initiated this lawsuit pursuant to the FLSA asserting claims for failure to pay overtime and maintain accurate records.   On March 15, 2018, the Court held a status conference in this case, and entered an agreed scheduling order setting November 2, 2018 as the discovery deadline and November 28, 2018 as the dispositive motion deadline.[7]   Six weeks later, after one round of paper discovery and prior to any depositions being taken in this case, Plaintiffs filed the Motion.

## II.   SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little*

---

[6]      DOL Report [Doc. # 19-19], at ECF 5.

[7]      Docket Control Order [Doc. # 18], at ECF 2.

*v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)).  If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most

favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc*., 302 F.3d 531, 545 n.13 (5th Cir. 2002), *overruled in part on other grounds by Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778 (5th Cir. 2009). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts that show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing

*Reaves Brokerage Co.*, 336 F.3d at 412–413).  The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence.  *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter–Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003).  A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.  *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

Finally, although the Court may consider all materials in the record when deciding a summary judgment motion, "the court need consider only the cited materials." FED. R. CIV. P. 56(c)(3). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.  Rule 56 does not impose upon the district court a duty to sift through the

7

record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations and quotation marks omitted).

## III.   <u>ANALYSIS</u>

By their Motion, Plaintiffs seek summary judgment on two issues on which Paton bears the burden of proof.  First, Plaintiffs contend Paton cannot meet its burden to show that Plaintiffs were exempt from the FLSA's overtime requirements.[8]  Specifically, Plaintiffs argue that because they were paid hourly, and not on a "salary basis," none of the FLSA exemptions that Paton asserts are applicable can apply to them.  Second, Plaintiffs argue that Paton also cannot satisfy its burden of demonstrating it had a good faith basis for classifying them as exempt employees.[9]  According to Plaintiffs, given the findings in the 2015 DOL

---

[8]     *See Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) ("If the employer claims 'that the suing employee is exempt from the overtime requirement,' then the employer 'has the burden of proving that the employee falls within the claimed exempted category.'") (quoting *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir.2001)); *Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 580 (5th Cir. 2013) ("An employer bears the burden of proving that an employee is ineligible for overtime or minimum-wage compensation.").

[9]     *See* 29 U.S.C. § 260 ("[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.") (emphasis added); *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237,
(continued…)

investigation, Paton could not have had a good faith basis to continue classify piping designers as exempt. Paton responds that, even on the limited record before the Court, there are material fact issues that foreclose Plaintiffs' right to summary judgment on the issues of whether Plaintiffs were paid on a "salary basis" and whether Paton had a good faith basis for classifying Plaintiffs as exempt. For the reasons stated hereafter, the Court agrees with Paton.

### A.    Compensation on a "Salary Basis"

There is no dispute that, at all relevant times, Paton classified Plaintiffs as exempt from the FLSA's overtime requirements. Paton asserts in this litigation, and has the ultimate burden of proving, that Plaintiffs are not entitled to any overtime compensation because they satisfied the criteria for both the "administrative employee"[10] and "highly compensated employee"[11] exemptions

---

(continued…)
246 (5th Cir. 2016) ("This court has held that '[a]n employer found liable under section 206 or section 207 [of the FLSA] has the 'substantial burden' of proving to the satisfaction of the trial court that its acts giving rise to the suit are both in good faith and reasonable.'") (quoting *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990)).

[10]    *See* 29 C.F.R. § 213(a)(1) (stating FLSA overtime regulations are not applicable to "any employee employed in a bona fide executive, administrative, or professional capacity.").

[11]    *See* 29 C.F.R. § 541.601 (stating employee meets criteria for the highly compensated employee exemption if: "(1) The employee receives total annual compensation of at least the annualized earnings amount of the 90th percentile of full-time nonhourly workers nationally; and (2) The employee customarily and
(continued…)

9

under the FLSA.  Plaintiffs respond that because both exemptions require that an employee be paid on a "salary basis," the fact that they were paid on an hourly basis entitles them to summary judgment that neither exemption applied to them when they worked for Paton.  The Court concludes that there is a genuine issue of material fact whether Paton paid Plaintiffs on a "salary basis."  Accordingly, Plaintiffs are not entitled to summary judgment on this issue.

The parties agree that a common criterion for the two FLSA exemptions that Defendant relies on here is that the purportedly exempt employee must be paid on a "salary basis."  An employee is considered to be paid in a "salary basis" if "the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed."[12]  However, the FLSA's regulations also provide that an "exempt employee's earnings may be computed on an hourly, a daily or a shift basis, without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum

---

(continued…)
regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee identified in subpart B, C, or D of this part.")

[12]     29 C.F.R. § 541.602.

10

weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed amount and the amount actually earned."[13]

Defendant has produced sworn declarations from several of its employees, including Lee Marshall, its Chief Financial Officer,[14] Tabeth Deriso, its human resources manager,[15] and Cameron Campbell, Plaintiffs' supervisor,[16] each of whom aver that Deriso orally guaranteed Plaintiffs during their respective onboarding processes that Paton would always pay them for at least forty hours in a workweek, even if they worked less than that amount.[17]   Plaintiffs cite no

---

[13]   29 C.F.R. § 541.604(b).

[14]   Declaration of Lee Marshall [Doc. # 22-1], at ECF 6-9.

[15]   Declaration of Tabeth Deriso [Doc. # 22-1], at ECF 11-13.

[16]   Declaration of Cameron Campbell [Doc. # 22-1], at ECF 2-4.

[17]   Plaintiffs object these declarations on two grounds.  First, Plaintiffs argue that the averments regarding this alleged "guarantee" are inadmissible because they violate the parol-evidence rule.  According to Plaintiffs, the declarations are extrinsic evidence that cannot modify the unambiguous, written terms of their signed offers of employment with Paton.  Plaintiffs' objection is **overruled**.  "When parties 'have a valid, integrated written agreement,' the parol-evidence rule 'precludes enforcement of prior or contemporaneous agreements.'"  *First Bank v. Brumitt*, 519 S.W.3d 95, 109 (Tex. 2017) (quoting *Hous. Expl. Co. v. Wellington Underwriting Agencies, Ltd.*, 352 S.W.3d 462, 469 (Tex. 2011)).  "The rule, however, does not apply to agreements made after the written agreement, nor does it prevent the written instrument from being later modified by the parties by oral agreement."  *Arcturus Corp. v. Espada Operating, LLC*, 2016 WL 4272381, at *5 (Tex. App.—Corpus Christi Aug. 11, 2016); *Quitta v. Fossati*, 808 S.W.2d 636, 642 (Tex. App.—Corpus Christi 1991, writ denied).  Accordingly, Paton's
(continued…)

evidence that Paton failed to live up to its purported guarantee or that they were
paid for less than forty hours in any given week while employed by Paton.[18]
Although Plaintiffs also argue that Defendant's practice of requiring them to use
paid time off ("PTO") or "flex time" for partial-day absences establishes that they
were hourly workers, they cite no Fifth Circuit authority in support of that
argument.[19]   Moreover, based on the limited record before the Court, there are

_____

(continued…)
evidence that it subsequently modified the terms of Plaintiffs' employment by
orally guaranteeing payment for at least 40 hours a week is not barred by the
parol-evidence rule.

Second, Plaintiffs contend that Paton's alleged oral guarantee is foreclosed by the
statute of frauds.  This objection also lacks merit and is **overruled**.  As potentially
relevant to the case at bar, the statute of frauds requires contracts that cannot be
performed within one year to be evidenced in writing.  TEX. BUS. & COM. CODE
26.01(b)(6).   It is undisputed that Plaintiffs were "at-will" employees when
working for Paton.  Thus, the terms of their employment with Paton, and the term
of Paton's payment guarantee to them, were indefinite.   "[A]n employment
contract for an indefinite term is considered performable within a year, placing
such agreements outside the writing requirement of the Statute of Frauds." *Welch
v. Doss Aviation*, Inc., 978 S.W.2d 215, 220 (Tex.App.—Amarillo 1998, no pet.)
(citing *Bratcher v. Dozier*, 162 Tex. 319, 346 S.W.2d 795, 796 (Tex. 1961)); *see
also Allamon v. Acuity Specialty Prod., Inc.*, 877 F. Supp. 2d 498, 518 (E.D. Tex.
2012), *aff'd*, 534 F. App'x 248 (5th Cir. 2013) (same).  Plaintiffs' cited authority
is not to the contrary.  *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 547 (5th
Cir. 2010) (holding employment agreement with stated term of two and a half years
was subject to the statute of frauds even though employee could be
terminated without cause).  Accordingly, the statute of frauds is inapplicable here.

[18]   Plaintiffs also cite no evidence that they ever were paid less than $455 during any
week of their employment with Defendant.  *See* 29 C.F.R. § 541.200(a)(1).

[19]   In contrast, Defendants have cited Fifth Circuit authority and Department of Labor
guidance that such deductions do not preclude characterizing an employee as
(continued…)

C:\Users\SHELIA~1\AppData\Local\Temp\notesC9AA6C\3104MSJ.docx

numerous outstanding fact issues as to how, and the circumstances under which, Plaintiffs actually used their PTO or "flex time" when employed by Paton. Therefore, notwithstanding the fact that Plaintiffs' compensation was stated as an hourly wage, there remains a material issue of fact whether Paton paid Plaintiffs on a "salary basis" within the meaning of the FLSA by guaranteeing them pay equivalent to at least forty hours per week.[20]  Plaintiffs are not entitled to summary

---

(continued…)

being compensated on a salary basis. *See York v. City of Wichita Falls, Tex.*, 944 F.2d 236, 242 (5th Cir. 1991)  ("If a Battalion Chief or Fire Captain took an hour off work, his compensation remained the same and the time was deducted from his sick or vacation leave on an hourly basis. The relevant regulations provide that such deductions do not establish that a person is paid on a wage basis. 29 C.F.R. § 541.118(b)."); *Doherty v. Ctr. for Assisted Reprod., P.A.*, 108 F. Supp. 2d 672, 678 (N.D. Tex. 2000), *aff'd sub nom. Doherty v. Ctr. for Assisted Reprod.*, 264 F.3d 1140 (5th Cir. 2001) ("Defendant's comp time policy, whereby exempt employees like Plaintiff can accrue comp time for extra hours worked on the weekend and have such accrued comp time subject to reduction when the employee works fewer hours than required in a given period, does not affect Plaintiff's status as an exempt employee."); FLSA 2005-7 dated January 7, 2005, 2005 WL 3300606 (2005) ("To respond to your specific concern about whether or not an exempt employee's accrued PTO leave bank may be reduced for partial day absences, the answer is yes. Where an employer has a benefits plan (e.g., vacation time, sick leave), it is permissible to substitute or reduce the accrued leave in the plan for the time an employee is absent from work, whether the absence is a partial day or a full day, without affecting the salary basis of payment, if the employee nevertheless receives in payment his or her guaranteed salary. Payment of the employee's guaranteed salary must be made, even if an employee has no accrued benefits in the leave plan and the account has a negative balance, where the employee's absence is for less than a full day.").

[20]   Plaintiffs make no argument in the Motion whether a reasonable relationship exists between the amount Defendant guaranteed to pay them and the amount of compensation they actually earned.  Consequently, the Court does not address that issue.

judgment that neither the "administrative employee" nor "highly compensated employee" exemptions to the FLSA were applicable to them because they were hourly employees.  The Motion is **denied** with respect to that issue.

### B.   GOOD FAITH DEFENSE

Plaintiffs also seek summary judgment that Paton lacked good faith or reasonable grounds to conclude that the manner in which it compensated Plaintiffs did not violate the FLSA.[21]  Defendant, who has the burden of proof with respect to establishing its good faith conduct, responds that they structured Plaintiffs' compensation based on advice they received from the DOL's investigator during the 2015 inspection.  According to Paton, the investigator told it that the Piping Designer 4 position would be exempt if Paton guaranteed each designer would be paid 40 hours a week regardless of how many hours the designer actually worked. Plaintiffs do not argue that such advice from a DOL investigator fails to create a material issue of fact as to whether Paton's conduct was undertaken in good faith

---

[21]   *See Black v. SettlePou, P.C.,* 732 F.3d 492, 501 (5th Cir. 2013) ("A district court may decline to award liquidated damages if the court finds that the employer 'acted in good faith and had reasonable grounds to believe that its actions complied with the FLSA.'") (quoting *Singer v. City of Waco,* 324 F.3d 813, 822-23 (5th Cir.2003)); *Saldivar v. Austin Indep. Sch. Dist.*, 674 F. App'x 347, 350 (5th Cir. 2016) (noting that, if an employer is found to have violated the FLSA, "a district court 'may, in its sound discretion,' award a lesser amount of liquidated damages, or no damages at all, if the employer demonstrates 'that the act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the [FLSA].'") (quoting 29 U.S.C. § 260).

or based on reasonable grounds.[22]   Rather, Plaintiffs assert that Marshall's averments regarding what the DOL investigator stated during the 2015 investigation constitute inadmissible hearsay and, thus, Paton has no admissible summary judgment evidence that it ever received advice regarding its pay practices from a DOL representative.  The Court is unpersuaded.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted.  FED. R. EVID. 801.  "Implicit in both the definition and justification for the rule, however, is the recognition that whenever an out-of-court statement is offered for some purpose other than to prove the truth of the matter asserted, the value of the statement does not rest upon the declarant's credibility and, therefore, is not subject to attack as hearsay.  *United States v. Parry*, 649 F.2d 292, 295 (5th Cir. 1981); *see also E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 701 (5th Cir. 2014) (holding statement not hearsay "because it is not being offered for the truth of the matter asserted"); *United States v. Polidore*, 690 F.3d 705, 719 (5th Cir. 2012) ("Testimony not used to establish the truth of the assertion . . . does not fall under

---

[22]   Indeed, Plaintiffs cite no authority that would support such a proposition. Defendants, however, do cite Fifth Circuit case law to support their argument that advice from DOL representatives *can* serve as evidence of a good faith and reasonable effort to comply with the FLSA.  *See Steele v. Leasing Enterprises*, Ltd., 826 F.3d 237, 247 (5th Cir. 2016) (holding district court did not abuse its discretion in denying the plaintiffs liquidated damages when the district court's decision was based, at least in part, on evidence that the practice in question was approved by a DOL investigator as part of a broader investigation).

the proscriptions against the use of hearsay.") (internal quotation marks omitted). Paton does not offer for the truth of the matter asserted its executive's, Marshall's, first-hand account of the advice that the DOL investigator allegedly provided, *i.e.*, that all Piping Designer 4 are exempt employees so long as they are guaranteed at least 40 hours of pay per week.  Rather, as to Paton's alleged good faith defense, Paton offers Marshall's account of those statements as evidence that it reasonably relied on advice from a DOL official in classifying Plaintiffs as exempt under the FLSA.  Such use does not implicate the proscription against hearsay testimony.[23] Because Marshall's averments regarding the DOL investigator's advice about FLSA exemptions for Piping Designer 4 employees is not inadmissible hearsay, those averments are admissible evidence and they create a material issue of fact as to whether Paton acted reasonably and in good faith when classifying Plaintiffs as exempt.  Plaintiffs are not entitled to summary judgment on Paton's affirmative defense of good faith.  The Motion is **denied** on this issue.

---

[23]    Plaintiffs also object to Marshall's averments regarding advice received from the DOL investigator on the grounds that those averments directly conflict with the portion of the investigator's report that states that "[e]xemptions were not tested or reviewed due to this being a limited investigation to include only designers." Reply [Doc. # 28], p. 2-3.  This objection is **overruled**.  The apparent conflict between Marshall's averment and the contents of the DOL investigator's report, while troubling, does not make Marshall's averments inadmissible as a matter of law.  Indeed, any such conflict creates a material issue of fact, and raises issues of witness credibility, none of which are suitable for resolution on summary judgment.

IV.     **CONCLUSION AND ORDER**

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment [Doc. # 19] is **DENIED** in its entirety.

SIGNED at Houston, Texas, this 29th day of **July, 2018**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE